# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10039
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MERAZ-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-142-1

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Juan Meraz-Flores appeals the sentence imposed after revocation of his supervised release previously imposed when he was convicted of illegal reentry into the United States. Meraz-Flores argues that the district court improperly considered his lack of respect for the law in violation of *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011). Because he did not raise this argument in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court, review is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

The district court's reasons, taken as a whole, may reasonably be read to refer to the failure of Meraz-Flores's prior sentence to prevent him from returning to the United States illegally and the need to deter him from doing so in the future. Thus, he has not shown any clear or obvious error. Further, Meraz-Flores does not argue, much less demonstrate, that the district court's error affected his substantial rights or that we should exercise our discretion to correct any error. In short he has not met his burden of showing reversible plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Meraz-Flores also argues that the sentence imposed by the district court was substantively unreasonable and that the district court failed to adequately consider the Sentencing Commission's policy statements, specifically U.S.S.G. § 5D1.1(c). According to Meraz-Flores, because that Guideline counsels against imposing supervised release in the case of a defendant who is likely to be deported, a court should exercise restraint when sentencing such a defendant on revocation. As a threshold matter, § 5D1.1(c) does not fall within the policy considerations of Chapter Seven regarding revocation sentencing; it addresses whether to impose supervised release in the first instance. Even if it were applicable, which we do not reach, its commentary supports the district court's determination in light of the need for deterrence. U.S.S.G. § 5D1.1(c), comment. (n.5). The record otherwise demonstrates that the district court considered the parties' arguments and the policy statements and appropriate § 3553(a) factors. Meraz-Flores has not shown that his 20-month sentence is plainly unreasonable. *See United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013).

AFFIRMED.